# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3252-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

REGINALD ROACH, a/k/a
REGINALD W. HOLMES,

     Defendant-Appellant.

_____

Submitted September 20, 2022 – Decided October 6, 2022

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 06-03-0342.

Reginald Roach, appellant pro se.

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In the middle of the night on November 5, 2005, a man broke into a woman's townhouse, took her money, and brutally sexually assaulted her. Based upon a tip from a confidential informant, defendant Reginal Roach was identified as a suspect. Defendant refused to voluntarily submit a DNA sample, but the investigating police officer discovered a sample of defendant's DNA in the Combined DNA Index System (CODIS) due to defendant's prior felony conviction. Defendant's CODIS sample matched DNA taken from the victim. After defendant was arrested, court-ordered DNA samples were taken from him, confirming the CODIS match.

The State's prosecution relied primarily upon the DNA evidence linking defendant to the assault because the victim could not identify her assailant. Defendant was convicted of two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); second-degree burglary, N.J.S.A. 2C:18-2; second-degree sexual assault, N.J.S.A. 2C:14-2(c); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). He was sentenced to an aggregate forty-year prison term, subject to an eighty-five percent parole disqualifier under N.J.S.A. 2C:43-7.2.

On direct appeal, we affirmed defendant's conviction and sentence, subject to a remand to merge the sexual assault conviction into the aggravated

sexual convictions. State v. Roach, No. A-1890-07 (App. Div. Aug. 1, 2011). The Supreme Court upheld his conviction as well, rejecting defendant's argument that the trial court violated his Confrontation Clause rights by admitting certain DNA evidence against him through the testimony of the State's expert witness. State v. Roach, 219 N.J. 58 (2014).

In June 2015, weeks after the United States Supreme Court denied his petition for certiorari, State v. Roach, 575 U.S. 1028 (2015), defendant filed his first post-conviction relief (PCR) petition in which he principally claimed his trial counsel was constitutionally ineffective in his advocacy concerning the State's DNA evidence identifying him as the assailant. Among other things, defendant alleged his trial counsel was inadequately prepared, ineffective in cross-examining the State's testifying expert, and should have retained a competing DNA expert. The trial court denied PCR without an evidentiary hearing,[1] which we affirmed. State v. Roach, No. A-1523-17 (App. Div. May 7, 2019). Defendant's petition for certification was denied. State v. Roach, 240 N.J. 73 (2019).

On January 4, 2021, the self-represented defendant filed a second PCR petition, dated December 14, 2020. Defendant requested assignment of counsel.

---

[1] The same court which presided over the trial denied PCR.

A-3252-20

Following oral argument on May 27, 2021, Judge Benjamin S. Bucca, Jr. rendered a bench decision denying defendant's assigned counsel request and dismissing his second PCR petition without an evidentiary hearing. The ruling was memorialized in a June 4, 2021 order.

The judge determined defendant was not entitled to assigned counsel authorized under Rule 3:22-6(b) as he failed to make a "showing of good cause" that he had a prima facie PCR claim because his petition was untimely per Rule 3:22-4. In accordance with Rule 3:22-4, a second PCR petition is subject to the limitations set forth in Rule 3:22-12(a)(2). A second PCR petition is untimely if it was not filed within one year after denial of the first PCR petition and failed to allege a prima facie case that his first or subsequent PCR counsel was ineffective. R. 3:22-12(a)(2)(C).

To determine the timeliness of defendant's second PCR petition, the judge considered the facts most favorable to the incarcerated defendant's filing. The judge recognized "the restrictions of a[] [New Jersey Department of Corrections (DOC)] inmate representing [himself] as to the filing requirement," and determined the second "petition [was] dated December 14[], 2020, and that [defendant] may have given the petition to the [DOC] as early as the later part of November [2020]." The judge determined the second PCR petition primarily

alleged ineffective assistance of PCR counsel during the filing of the first PCR petition. Because our Supreme Court denied defendant's petition for certification regarding the denial of his first PCR petition on October 29, 2019, the judge reasoned the latest possible date the second PCR petition could be timely filed was October 29, 2020. Consequently, the judge deemed the second PCR petition untimely on both the December 14, 2020 filing date and, giving defendant the benefit of doubt, a late November 2020 date, when he gave it to the DOC to file.

Despite finding the second PCR petition was untimely filed, Judge Bucca addressed the substance of defendant's claims. In response to defendant's allegations that PCR counsel did not contend trial "counsel [failed] to suppress defendant's DNA evidence . . . in [CODIS] . . . from [his] previous conviction" and "he did not call a DNA expert at trial," the judge explained these issues were fully addressed during defendant's first PCR petition and, therefore, without merit. In addition, the judge found defendant "fail[ed] to show how [the DNA] evidence could not have been discovered" by the State. Thus, this argument was deemed meritless.

Lastly, the judge rejected defendant's contention that his conviction for first-degree aggravated assault under N.J.S.A. 2C:14-2(a)(3) should be vacated

due to the precedent established in State v. Rangel, 213 N.J. 500 (2013).  In Rangel, the New Jersey Supreme Court interpreted the language of N.J.S.A. 2C:14-2(a)(3) which, prior to its 2019 amendment, stated:

> An actor is guilty of aggravated sexual assault if the actor commits an act of sexual penetration with another person under any one of the following circumstances: . . . (3) The act is committed during the commission, or attempted commission, . . . of robbery, kidnapping, homicide, aggravated assault on another, burglary, arson, or criminal escape.
>
> [Id. at 509-10 (quoting N.J.S.A. 2C:14-2 (2019)).]

Defendant argued his conviction was not for an assault committed "on another" but on the victim herself and, in turn, it should be vacated.  The judge disagreed.  He distinguished defendant's situation from that of the defendant in Rangel.  The judge recognized that Rangel "was charged with commit[ing] an act of sexual penetration [against the victim] during an act of aggravated assault[,]" whereas defendant was convicted "for committing an act of sexual penetration [against the victim] during the course of a robbery or burglary."  Since the term "on another" only applies to aggravated assault, the judge held the Rangel holding does not govern defendant's conviction.  Hence, the judge found defendant's PCR counsel was not ineffective for not contending trial

6

counsel failed to argue defendant's first-degree aggravated assault conviction pursuant to N.J.S.A. 2C:14-2(a)(3) was illegal under <u>Rangel</u>.

Before us, defendant argues:

> POINT I
>
> [DEFENDANT'S] SECOND PCR APPLICATION IS NOT PROCEDURALLY BARRED.
>
> POINT II
>
> THE PCR COURT ERRED IN DENYING DEFENDANT'S SECOND PCR PETITION WITHOUT ISSUING A FINDING OF FACTS AND CONCLUSION OF LAW AS TO WHETHER DEFENDANT'S SENTENCE WAS ILLEGAL.

Having carefully considered defendant's arguments, we affirm substantially for the thoughtful reasons expressed by Judge Bucca in his bench decision. Defendant's arguments lack sufficient merit to warrant extensive discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We add only the following brief comments.

Defendant asserts <u>Rule</u> 3:22-12(a)(2)'s time limitations do not apply to dismiss his second PCR petition because he makes an illegal sentence claim which is not subject to time limitations while he is incarcerated. This argument is misguided. While defendant can bring an illegal sentence claim at any time before his sentence is completed, he does not assert his sentence is illegal

7

because it is excessive or "not in accordance with the law." State v. Schubert, 212 N.J. 295, 308-309 (2012). Defendant does not challenge his sentence, but the convictions for aggravated sexual assault that contributed to his sentence. He does not argue his sentence exceeded what was statutorily authorized or was not in accordance with our sentencing guidelines. In short, defendant's argument is based on the faulty premise that an illegal conviction is an illegal sentence. This is not an illegal sentence claim. Therefore, his second PCR petition is subject to and fails under the time limitations of Rule 3:22-12(a)(2).

As for his substantive claim, defendant's reliance on Rangel is misplaced. There, the Court agreed with the defendant that a person cannot be convicted of aggravated sexual assault under N.J.S.A. 2C:14-2(a)(3) if the predicate offense is aggravated sexual assault and the victim is the same person. Rangel, 213 N.J. at 512-13. Unlike Rangel, the predicate offense here was not aggravated sexual assault but burglary. Consequently, Rangel does not apply, and defendant was properly convicted for two counts of aggravated sexual assault. In turn, there was no ineffective assistance of counsel where the convictions did not violate Rangel. See State v. O'Neal, 190 N.J. 601, 618-19 (2007) (holding counsel cannot be ineffective for making a meritless argument).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3252-20